# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEVEN JOHN MILLER,<br><br>       Plaintiff,<br><br>   v.<br><br>JUDGE ANDREW PETERSON, *et al.*,<br><br>       Defendants. | Case No. 3:22-cv-00030-RRB |

## ORDER OF DISMISSAL

  On February 17, 2022, Steven John Miller, a self-represented prisoner (hereinafter "Plaintiff"), filed a "Notice of Intent to File Suit/Lien."[1] On February 24, 2022, Plaintiff filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983 (hereinafter "Complaint"), a civil cover sheet, and a Prisoner's Application to Waive Prepayment of the Filing Fee, an Affidavit with eight exhibits, and a document titled "Truth Affidavit In the Nature of Supplement Rules for Administrative and Maritime Claims under Rule C(6)."[2] On February 28, 2022, Plaintiff filed a copy of his prisoner trust account statement to complete his Application to Waive Prepayment of the Filing Fee at Docket 4.

  The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court will not consider Dockets 6 and 7 in the

---

[1] Docket 1.

[2] Dockets 2–4, 6–7.

screening process, as filing additional documents into the record does not properly amend a civil complaint.[3]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court

---

[3] *See* Local Civil Rule 15.1.

[4] 28 U.S.C. § 1915A.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 2 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 2 of 12

must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[8]

## DISCUSSION

### I. Complaint

Plaintiff brings suit against Alaska Superior Court Judge Andrew Peterson, Assistant District Attorneys Virginia Kain and Samuel Laffey, and Assistant Public Defender Nathan Lockwood.[9] Plaintiff sues Defendants Peterson, Kain, and Lockwood in their individual and official capacities.[10] Plaintiff does not plead capacity as to Defendant Laffey.[11]

In Claim 1, Plaintiff alleges on March 31, 2021, Defendants violated his "6th Amendment right, allowing the [suspension] of Rule 45 through the illegal and unconstitutional 'Special Order' passed by Joel Bolger, thus implementing Rule 45

---

[7] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[9] Docket 1 at 2.

[10] Docket 1 at 2.

[11] Docket 1 at 3.

Case No. 3:22-cv-00030-RRB; Miller v. Peterson, et al.
Order of Dismissal
Page 3 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 3 of 12

when deemed convenient by the courts."[12] Plaintiff further alleges he has not "consented to any waiver of time related to my case."[13]

In Claim 2, Plaintiff alleges that on March 31, 2021, Defendants "colluded and conspired" to deprive him of this Fourteenth Amendment rights.[14] Plaintiff alleges that Defendant Lockwood will not file the motions he requests and forbid him from participating in an indictment hearing.[15] Plaintiff further alleges Defendants Kain and Laffey did not indict him for almost eight months and refused "to include me in any/all my indictments [despite] my demands to be included in any/a'' [of] the said proceedings."[16] Though Plaintiff names Defendant Peterson, he does not make any specific allegations him.

In Claim 3, Plaintiff alleges that the "Special Order" signed by Joel Bolger is unconstitutional and illegal in violation of the Article I, Section 15 of the Alaska Constitution and Article I, Section 10 of the U.S. Constitution.[17] Plaintiff further alleges that "[a]nything stemming from the 'Special Order' . . . is thereby null and

---

[12] Docket 1 at 4.

[13] Docket 1 at 4.

[14] Docket 1 at 5.

[15] Docket 1 at 5.

[16] Docket 1 at 5.

[17] Docket 1 at 6.

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 4 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 4 of 12

void [*ab initio*]" and that Defendants "have committed crimes against me making me a crime victim[.]"[18]

Plaintiff does not provide any details about the "Special Order" referenced in Claims 1 and 3. However, the Court takes judicial notice[19] of the Special Orders of the Chief Justice of the Alaska Supreme Court, beginning March 15, 2020, through December 2, 2021;[20] and Presiding Judge Order 901 of the Third Judicial District. Presiding Judge Order 901 suspended jury trials within Alaska's Third Judicial District from September 16, 2021, until January 10, 2022, because of the COVID-19 pandemic.[21]

The Court also takes judicial notice of two relevant proceedings.[22] First, the Court takes note of the state court criminal proceeding *State of Alaska v. Steven John Miller*, Case No. 3AN-21-02317CR, in which Plaintiff was arraigned on

---

[18] Docket 1 at 6.

[19] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[20] *See Special Orders of the Chief Justice*, Alaska Court System: COVID-19 Response, available at: https://courts.alaska.gov/covid19/index.htm#socj

[21] *See Presiding Judge Order #901*, Alaska Court System: COVID-19 Response, available at: https://courts.alaska.gov/covid19/index.htm#socj

[22] *Supra* note 19.

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 5 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 5 of 12

March 31, 2021.[23] Second, the Court takes note of Plaintiff's prior civil action in federal district court, *Miller v. Aarseth, et al.*, Case No. 3:22-cv-00003-RRB, which made nearly identical claims and was dismissed with prejudice on March 29, 2022.[24]

For relief, Plaintiff requests: (1) $2,076,000.00 in punitive damages; and (2) dismissal of Plaintiff's charges with prejudice.[25]

## II. Civil Rights Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[26] For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[27] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[28] Furthermore, a defendant must be eligible for suit. None of the individuals sued by Plaintiff in this

---

[23] *State of Alaska v. Steven John Miller*, Case No. 3AN-21-02317CR ("Events: 03/31/2021 Arraignment: State District Court (In Custody)").

[24] *Miller v. Aarseth, et al.*, Case No. 3:22-cv-00003-RRB, Dockets 8 & 9.

[25] Docket 1 at 9.

[26] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[27] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[28] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 6 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 6 of 12

case are proper defendants under 42 U.S.C. § 1983. Therefore, Plaintiff's Complaint must be dismissed.

### a. Defendant Lockwood

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor."[29] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt, paid by government funds and hired by a government agency."[30] This method of payment and retention, however, does not matter, as the lawyer's role in this scenario is "to represent [their] client, not the interests of the [government entity paying their fees]."[31] In this way, a court-appointed lawyer is no different than a privately retained attorney, who in no way can be considered a state actor, but whose "duties and obligations [to the client] are the same."[32]

Nathan Lockwood is an attorney with the State of Alaska Public Defender Agency. Plaintiff seeks damages from Defendant Lockwood due to his alleged actions as a court appointed attorney complying with the operational orders from

---

[29] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[30] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[31] *Id*.

[32] *Polk County*, 454 U.S. at 318–19.

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 7 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 7 of 12

the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System. Additionally, Plaintiff seeks damages and injunctive relief for his strategic decisions related to motions and indictment hearings. These allegations are premised on Defendant Lockwood's role as Plaintiff's court appointed attorney. Defendant Lockwood, as court appointed counsel to an indigent defendant, is not a state actor as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### b. Defendant Judge Peterson

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[33] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[34] This judicial immunity is

---

[33] *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."

[34] 42 U.S.C. § 1983.

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 8 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 8 of 12

immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[35]

Defendant Judge Peterson is a judicial officer in the Alaska Superior Court. Plaintiff seeks damages and injunctive relief due to Defendant Judge Peterson's application of the operational orders from the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System. As a judicial officer acting in his official capacity in accordance with the rules of the Alaska court system then in place to address the COVID-19 pandemic, Defendant Judge Peterson is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### c. Defendants Kain & Laffey

District attorneys are state actors; however, prosecuting attorneys are immune from suit. Prosecutorial immunity protects government attorneys when they are acting pursuant to their judicial role as an advocate for the state, performing functions "intimately associated with the judicial phase of the criminal process."[36] A prosecutor's absolute immunity extends to "initiating a prosecution

---

[35] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[36] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 9 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 9 of 12

and presenting the State's case,"[37] including eliciting witness testimony, arguing motions, and pretrial court appearances.[38]

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."[39] Further, a prosecutor can be held accountable for malicious prosecution. But for any such claim to go forward, a claimant must provide plausible factual details and more than just conclusory allegations.[40] Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding has occurred in favor of the accused.[41] This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[42]

---

[37] *Id.*

[38] *See Burns v. Reed*, 500 U.S. 478, 490–91 (1991).

[39] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[40] *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

[41] *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).

[42] *Heck*, 512 U.S. at 484.

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 10 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 10 of 12

Defendants Kain and Laffey are prosecuting attorneys for the State of Alaska. Plaintiff seeks damages due to their alleged actions complying with the operational orders from the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System. Additionally, Plaintiff seeks damages and injunctive relief, because he was not included in "any/all of my indictment" proceedings. As prosecuting governmental attorneys complying with the rules and procedures imposed upon them as part of the State of Alaska's judicial process, Defendants Kain and Laffey are immune from suit as a matter of law. Therefore, they cannot be sued under 42 U.S.C. § 1983.

## CONCLUSION

Defendants are not proper defendants or are immune from suit. Therefore, Plaintiff fails to state a claim upon which relief may be granted. In addition, no defendants may be substituted under these facts; therefore, amendment is futile.[43]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and the futility of amendment.

2. All pending motions are **DENIED AS MOOT**.

---

[43] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 11 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 11 of 12

3. A dismissal under these circumstances is a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S. Ct. 172 (2020).[44] This is Plaintiff's second strike.

4. The Clerk of Court shall issue a final judgment.

DATED this 3rd day of June, 2022, at Anchorage, Alaska.

*s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[44] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:22-cv-00030-RRB; *Miller v. Peterson, et al.*
Order of Dismissal
Page 12 of 12
Case 3:22-cv-00030-RRB   Document 9   Filed 06/03/22   Page 12 of 12